UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN CUSTER, | No. 2:13-cv-1714 JAM AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| RODNEY SPIDELL, | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

Plaintiff Bryan Custer commenced an unlawful detainer action in Sacramento County Superior Court on June 21, 2013. See Pl.'s Req. for Judicial Notice, Ex. A, ECF No. 13.[1] Defendant Rodney Spidell removed this action on August 20, 2013 purportedly on the basis of subject matter jurisdiction, along with a request to proceed in forma pauperis.[2]

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a claim upon which relief can be granted. A plaintiff fails to state a claim when the court lacks jurisdiction over the subject matter of the complaint. See Fed. R. Civ. P. 12(b)(1).

Courts "strictly construe the removal statute against removal jurisdiction," and "the

---

[1] The court takes judicial notice of the complaint pursuant to Federal Rule of Evidence 201(b).
[2] Though required to do so, defendant did not attach to his Notice of Removal a copy of the complaint filed in the Sacramento County Superior Court. See 28 U.S.C. § 1446(a).

1

1  defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980
2  F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as
3  to the right of removal in the first instance." Id.  Removal is proper only if the court could have
4  exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc.
5  v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction
6  is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists
7  only when a federal question is presented on the face of the plaintiff's properly pleaded
8  complaint." Id.  Moreover, "a court may raise the question of subject matter jurisdiction, sua
9  sponte, at any time during the pendency of the action." Snell v. Cleveland, Inc., 316 F.3d 822,
10 826 (9th Cir. 2002).

11       The complaint filed in Sacramento County Superior Court contains a single claim for
12 unlawful detainer.  In defendant's removal notice, it is asserted that the court has jurisdiction
13 pursuant to the Protecting Tenants at Foreclosure Act of 2009 ("PFTA"), 12 U.S.C. § 5220.  The
14 PFTA provides protections to tenants who reside in properties subject to foreclosure, including
15 the requirement that a 90-day notice to vacate be given to bona fide tenants. See SD Coastline LP
16 v. Buck, 2010 WL 4809661, at *1 (S.D. Cal. Nov.19, 2010) (unpublished).  Plaintiff's complaint
17 for unlawful detainer does not state claims under any federal law.  Furthermore, it is based on
18 non-payment of rent, not foreclosure of the property. See ECF No. 13 at 8.  Defendant appears to
19 assert the PFTA is at issue by virtue of defendant's defense to the action.[3]

20       Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-
21 party claim raising a federal question, whether filed in state or federal court. See Vaden v.
22 Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th
23 Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998);
24 Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l
25 Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint

---

[3] Additionally, federal district courts have concluded that the PFTA does not create a federal private right of action, but provides directives to state courts. See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010).

indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's motion to proceed in forma pauperis (ECF No. 2) is denied;
2. The October 16, 2013 hearing on plaintiff's motion to remand is vacated;
3. Plaintiff's motion to remand (ECF Nos. 9, 16) is denied as moot; and

IT IS HEREBY RECOMMENDED that this case be remanded to Sacramento County Superior Court for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, defendant may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Defendant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED: September 20, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;cust1714.remand

3